ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Tuesday, March 15, 2016 12:08:58 PM
CASE NUMBER: 2016 CV 01414 Docket ID: 29381883
GREGORY A BRUSH
CLERK OF COURTS MONTGOMERY COUNTY OHIO

## IN THE COURT OF COMMON PLEAS MONTGOMERY COUNTY, OHIO
### CIVIL DIVISION

| | | |
|---|---|---|
| MARK GILLIAM<br>324 E. Nottingham Road<br>Dayton, Ohio 45405 | : <br> : <br> : | CASE NO.<br><br>Judge: |
| Plaintiff, | : | |
| v. | : | **COMPLAINT** |
| BRIAN CROWE<br>c/o Montgomery County Sherriff's Office<br>P.O. Box 972<br>Dayton, Ohio 45422 | : <br> : <br> : | **JURY DEMAND ENDORSED<br>HEREON** |
| Individually and his Official Capacity as<br>An Employee of Montgomery County Sheriff | : | |
| And | | |
| SHERIFF PHIL PLUMMER<br>c/o Montgomery County Sherriff's Office<br>P.O. Box 972<br>Dayton, Ohio 45422 | : <br> : <br> : | |
| Individually and his Official Capacity as<br>Montgomery County Sherriff | : | |
| And | : | |
| BUSY BEE AUTO PARTS & TOWING, INC.<br>c/o James Ed Lacy<br>1046 Brown Street<br>Dayton, Ohio 45409 | : <br> : <br> : | |
| Defendants. | : | |

A-1

Now comes the Plaintiff, Mark Gilliam, by and through legal counsel, and hereby alleges as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourteenth Amendment to the Constitution of the United States as applied to the State of Ohio and its entities, officials, and employees, as well as the statutes and common law of the State of Ohio.

2. Venue is proper in the Montgomery County Common Pleas Court as all acts alleged occurred in Montgomery County, State of Ohio.

3. Plaintiff seeks compensatory damages, punitive damages, interest and attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and/or due to the reckless acts of all named Defendants.

## PARTIES

4. At all times relevant, Plaintiff, Mark Gilliam, was a resident of the County of Montgomery, State of Ohio.

5. At all times relevant, Defendant Brian Crowe was a deputy and patrol officer with the Montgomery County Sheriff. The acts of Defendant Crowe which are alleged in this Complaint were undertaken in the regular course of his employment for the Montgomery County Sherriff. Defendant Crowe is a "person" under 42 U.S.C. § 1983 and at all times relevant times acted under color of law. Defendant Crowe is sued both individually and in his official capacity. Upon information and belief, Defendant Crowe is a resident of the County of Montgomery, State of Ohio.

6. At all times relevant, Defendant Sheriff Phil Plummer, was the Montgomery County Sheriff. As such he was the responsible party for supervising the training, instruction, discipline, control and conduct of Defendant Brian Crowe. He was also charged with promulgating all orders, rules, instructions and regulations of the Montgomery County Sherriff's Office, including but not limited to those orders, rules, instructions, and regulations regarding proper inventory on a vehicle, towing a vehicle, and providing or obtaining medical care. Defendant Plummer is a "person" under 42 U.S.C. § 1983 and at all times acted under color of law. Defendant Plummer is sued both individually and in his off capacity. Upon information and belief, Defendant Plummer is a resident of the County of Montgomery, State of Ohio.

7. At all times relevant, Defendant Busy Bee Auto Parts & Towing, Inc. was an Ohio corporation doing business in Montgomery County, State of Ohio.

## FACTS

8. On January 1, 2015, at approximately 3:00 a.m., Defendant Crowe, acting within the scope of his employment, responded to a single car crash in the 3600 block of Wagner Ford Road, Harrison Township, Montgomery County, Ohio. Upon his arrival at that location, Defendant Crowe found a single car had crashed into a utility pole and through a fence, and power lines fell across the vehicle.

9. Plaintiff, Mark Gilliam remained in the vehicle.

10. The power lines were removed from the vehicle.

11. Defendant Crowe failed to locate Plaintiff as he remained in the vehicle.

12. Defendant Crowe cleared the scene of the accident at approximately 4:30 a.m.

13. Defendant Busy Bee Auto Parts and Towing, Inc. towed the vehicle from the location of the accident to Busy Bee Auto Parts & Towing, 4309 Webster Street, Dayton, Ohio. Plaintiff remained inside the vehicle while it was towed.

14. Defendant Busy Bee Auto Parts and Towing, Inc., through its agent or employee, discovered Plaintiff inside of the car approximately six (6) hours after the power lines were removed.

15. After Busy Bee Auto Parts and Towing agents or employees discovered, Plaintiff was transported to Grandview Medical Center in Dayton, Montgomery County, Ohio.

16. Plaintiff suffered physical injuries, including pneumothorax, dislocated hip, multiple rib fractures, acetabular fracture, and wrist fracture.

### COUNT I: Negligence, Gross Negligence and Recklessness
### Against Defendant Crowe

17. Plaintiff restates and re-alleges the preceding allegations of the Complaint as if fully rewritten herein.

18. Defendant Crowe acted negligently, with gross negligence, and/or recklessly, by failing to do the following:

    a. properly inventory the vehicle;
    b. follow normal and accepted practices and procedures of the Montgomery County Sherriff's Office;
    c. remove Plaintiff from a position of peril;
    d. provide adequate and proper emergency care and treatment; and
    e. provide adequate and proper medical care and treatment.

19. As a result of the foregoing, Defendant Crowe, under the color of law, deprived Plaintiff Mark Gilliam of rights, privileges and immunities secured to him by the Fourteenth Amendment to the United States Constitution including the right to adequate and proper emergency care and treatment and adequate and proper medical care and treatment.

20. As a direct and proximate result of Defendant Crowe's actions and failure to act, Plaintiff suffered physical injuries, including pneumothorax, dislocated hip, multiple rib fractures, acetabular facture, and wrist fracture, and damages including payment for medical treatment.

21. Plaintiff is further entitled to compensatory damages, punitive damages, interest, costs, and attorneys' fees due to the reckless acts of Defendant Crowe.

### COUNT II: Negligent Training and Supervision Against Defendant Plummer

22. Plaintiff restates and re-alleges the preceding allegations of the Complaint as if fully rewritten herein.

23. Defendant Plummer negligently caused the above-described injuries to Plaintiff by failing to properly train, supervise and control the conduct of Defendant Crowe.

24. Defendant Plummer, Montgomery County Sheriff, as the employer of Defendant Crowe, is liable under the doctrine of respondeat superior for the tortious conduct of Defendant Crowe.

25. As a result of the foregoing, Defendant Plummer, under the color of law, deprived Plaintiff Mark Gilliam of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution including the right to adequate and proper emergency care and treatment and adequate and proper medical care and treatment.

26. As a direct and proximate result of Defendant Plummer's actions, Plaintiff suffered physical injuries, including pneumothorax, dislocated hip, multiple rib fractures, acetabular facture, and wrist fracture, and damages including payment for medical treatment.

27. Plaintiff is further entitled to compensatory damages, punitive damages, interest, costs, and attorneys' fees due to the reckless acts of Defendant Plummer.

### COUNT III: Negligence, Gross Negligence and Recklessness Against Defendant Plummer

28. Plaintiff restates and re-alleges the preceding allegations of the Complaint as if fully rewritten herein.

29. The conduct of Defendant Plummer, Montgomery County Sheriff, in failing to properly train, supervise and control the conduct of Defendant Crowe, constitutes negligence, gross negligence, and recklessness.

30. As a direct and proximate result of Defendant Plummer's actions, Plaintiff suffered physical injuries, including pneumothorax, dislocated hip, multiple rib fractures, acetabular facture, and wrist fracture, and damages including payment for medical treatment.

31. Plaintiff is further entitled to compensatory damages, punitive damages, interest, costs, and attorneys' fees due to the reckless acts of Defendant Plummer.

**COUNT IV: Negligence Against Defendant Busy Bee Auto Parts & Towing, Inc.**

32. Plaintiff restates and re-alleges the preceding allegations of the Complaint as if fully rewritten herein.

33. Defendant Busy Bee Auto Parts & Towing, Inc. owed a duty to Plaintiff to use ordinary care for his safety while towing his vehicle.

34. Defendant Busy Bee Auto Parts & Towing, Inc. failed to ensure that no person, including Plaintiff, remained in the vehicle prior to towing it.

35. Defendant Busy Bee Auto Parts & Towing, Inc. negligently and/or recklessly breached its duty to Plaintiff.

36. As a direct and proximate result of Busy Bee Auto Parts & Towing, Inc.'s actions, Plaintiff suffered physical injuries, including pneumothorax, dislocated hip, multiple rib fractures, acetabular facture, and wrist fracture, and damages including payment for medical treatment.

37. Plaintiff is further entitled to compensatory damages, punitive damages, interest, costs, and attorneys' fees due to the reckless acts of Defendant Busy Bee Auto Parts & Towing, Inc.

WHEREFORE, Plaintiff Mark Gilliam, demands judgment in his favor against Defendants Brian Crowe, Sheriff Phil Plummer, and Busy Bee Auto Parts & Towing, Inc., jointly and severally, in amount in excess of Twenty-Five Thousand Dollars ($25,000.00) for compensatory damages and an award of punitive damages to be determined by the jury, together with costs incurred herein, reasonable attorney fees, pre-judgment and post-judgment interest, and any other relief the Court deems appropriate.

Respectfully Submitted,

*/s/ Aaron G. Durden*
Aaron G. Durden, #0039862
Sean Brinkman, #0088253
Durden Law, L.P.A., LLC
10 West Monument Avenue
Dayton, Ohio 45402
(937) 461-9400
(937) 222-1841 (fax)
agdlawyer@aol.com
Attorney for Plaintiff

### JURY DEMAND ENDORSED HEREON

Plaintiff requests a jury of his peers hear all triable issues in this case.

*/s/ Aaron G. Durden*
Aaron G. Durden, Esq.