IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MARK GILLIAM, | : | Case No. 3:16-cv-147 |
| | : | |
| Plaintiff, | : | Judge Thomas M. Rose |
| | : | |
| v. | : | |
| | : | |
| BRIAN CROWE, et al., | : | |
| | : | |
| Defendant. | : | |

_____

**ENTRY AND ORDER GRANTING DEFENDANT BUSY BEE AUTO
PARTS & TOWING, INC.'S MOTION TO DISMISS FOR FAILURE TO
STATE A CLAIM (DOC. 7) AND DENYING PLAINTIFF MARK
GILLIAM'S MOTION FOR LEAVE TO AMEND (DOC. 10)**
_____

This case is before the Court on the Motion to Dismiss For Failure to State a Claim (Doc. 7) filed by Defendant Busy Bee Auto Parts & Towing, Inc. ("Busy Bee").  Plaintiff Mark Gilliam ("Gilliam") filed a memorandum in opposition to the Motion to Dismiss and, alternatively, moved for leave to amend the Complaint.  (Doc. 10.)  Busy Bee's Reply (Doc. 13) to Gilliam's opposition was filed on June 1, 2016.  The Motion to Dismiss is thus fully briefed and ripe for review.  For the reasons stated below, the Court **GRANTS** Busy Bee's Motion to Dismiss (Doc. 7) and **DENIES** Gilliam's Motion for Leave to Amend (Doc. 10).  Nonetheless, if Gilliam still wishes to pursue a claim against Busy Bee, the Court will grant him 14 days to file a renewed motion for leave to amend with a proposed amended complaint.[1]

**I.     BACKGROUND**

     **A.  Procedural Posture**

On March 15, 2016, Gilliam brought this action against Brian Crowe (individually and in

---

[1] The Court acknowledges the valuable contribution and assistance of judicial extern Callum Morris in drafting this opinion.

his official capacity as a Deputy with the Montgomery County Sheriff's Office), Sheriff Phil Plummer (individually and in his official capacity as the Montgomery County Sheriff), and Busy Bee in the Common Pleas Court of Montgomery County, Ohio.  (Doc. 1 at 1.)   In the Complaint, Gilliam asserts four causes of action:  (1) negligence, gross negligence and recklessness against Deputy Crowe, (2) negligent training and supervision against Sheriff Plummer, (3) negligence, gross negligence and recklessness against Sheriff Plummer, and (4) negligence against Busy Bee.

On April 18, 2016, Defendants Brian Crowe and Sheriff Phil Plummer removed the case to this Court pursuant to its federal question jurisdiction under 28 U.S.C. § 1441(a) and supplemental jurisdiction under 28 U.S.C. § 1367(a).  (*Id*.)   On April 27, 2016, Busy Bee filed the Motion to Dismiss that is now before the Court.  (Doc. 7.)

## B. Facts Alleged in the Complaint

On January 1, 2015, at approximately 3:00 a.m., Deputy Crowe was called to the scene of a single vehicle accident on Wagner Ford Road in Montgomery County, Ohio.  (Doc. 4, ¶ 8.) After surveying the scene of the accident, Deputy Crowe found that a single car had crashed into a utility pole and through a fence, and power lines had fallen across the car.  (*Id*.)   Plaintiff Mark Gilliam was still inside the crashed car, but Deputy Crowe failed to find him even after the power lines were removed.  (*Id.* at ¶ 9-11.)   Deputy Crowe then "cleared the scene of the accident" at 4:30 a.m., still without finding Gilliam inside the car.  (*Id*., ¶ 12.)

Busy Bee towed the car, with Gilliam still inside it, to Busy Bee's lot on Webster Street in Dayton, Ohio.  (*Id.*, ¶ 13.)   Six hours later, Busy Bee "agents or employees" discovered Gilliam inside the car and had him taken to a local hospital.  (*Id.*, ¶ 14-15.)   Gilliam alleges that he suffered physical injuries, including pneumothorax, dislocated hip, multiple rib fractures, acetabular fracture, and wrist fracture as a result of Defendants' failure to find him inside the car at

the scene of the accident. (*Id.* at ¶ 16.)

## II. STANDARD OF REVIEW

Busy Bee brings its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Under Fed. R. Civ. P. 8(a), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although this pleading standard does not require "'detailed factual allegations,'" it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations of material fact as true and construes them in the light most favorable to the non-moving party. *Twombly*, 550 U.S. at 554-55; *see also Top Flight Entm't, Ltd. V. Schuette*, 729 F.3d 623, 630 (6th Cir. 2013). The Court need not accept as true, however, "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Thus, a pleading that offers only a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

## III. ANALYSIS

Busy Bee argues that the negligence claim against it must be dismissed because Gilliam

failed to allege facts establishing that Busy Bee owed any duty to Gilliam. In response, Gilliam argues that the Complaint alleges duty because "[a] tow company may reasonably anticipate or foresee an injury to a person that remains in a vehicle while it is towed." (Doc. 10 at 3.)

In order to establish a negligence claim, a plaintiff must show the existence of a duty, a breach of that duty, and an injury resulting proximately therefrom. *See Jeffers v. Olexo*, 43 Ohio St. 3d 140, 142 (1989). Liability under a negligence claim exists "[o]nly when one fails to discharge an existing duty." *Id.* The existence of a duty depends upon the foreseeability of the injury. *Huston v. Koneczny*, 52 Ohio St. 3d 214, 217 (1990). An injury is foreseeable if a defendant *knew or should have known* that the act would likely result in harm. *Id*. (emphasis added). When a duty is determined to exist, a defendant must exercise the same degree of care that an ordinary and prudent person would exercise under the same or similar circumstances. *Id*.

Here, the parties correctly focus on the question of the foreseeability of Gilliam's alleged injuries. *Huston*, 52 Ohio St. 3d at 217 (1990). Busy Bee argues that there are no facts showing that it knew or should have known that Gilliam was still in the vehicle when it was towed. Gilliam argues that a tow company "may reasonably anticipate or foresee an injury to a person that remains in a vehicle while it is towed" and that "Busy Bee failed to ensure that no one was inside the vehicle before it was towed." (Doc. 10 at 3.)

There are few facts alleged in the Complaint.[2] None of them plausibly support an inference that Busy Bee had reason to believe that a person might still be inside the crashed car that it was asked to tow (and therefore injured when the car was towed). Rather, the alleged facts suggest the opposite—that Busy Bee had reason to believe that the vehicle was empty. Gilliam

---

[2] The allegation that Busy Bee "owed a duty to Plaintiff to use ordinary care for his safety while towing his vehicle" is a legal conclusion couched as a factual allegation, which the Court need not accept as true on a motion to dismiss. *Twombly*, 550 U.S at 555.

alleges that Deputy Crowe "failed to locate [Gilliam] as he remained in the vehicle" and "cleared the scene of the accident at approximately 4:30 a.m." (Doc. 4 at ¶¶ 11-12.) Gilliam does not explain what he means by the allegation that Deputy Crowe "cleared the scene of the accident," but it is reasonable to infer that Deputy Crowe gathered the information that he needed, secured the safety of the scene, and believed that no further emergency services were required. Since the scene had been "cleared," Busy Bee might have believed that there were not any victims present. Even this inference is not justified, however, because the Complaint does not allege what information was known to Busy Bee before it towed the vehicle.

The Complaint does not allege, for example, what anyone told Busy Bee when it was called to the scene, what Deputy Crowe or anyone else told Busy Bee's driver upon arrival, or what Busy Bee's driver discovered or should have discovered from his own survey of the scene. Without such facts, no inference can be made as to whether Gilliam's alleged injuries were foreseeable to Busy Bee. Thus, at most, the Complaint alleges merely the possibility that Busy Bee acted unlawfully. That is not sufficient to survive a Rule 12(b)(6) motion to dismiss.

## IV.  MOTION TO FILE AMENDED COMPLAINT

In the alternative, Gilliam moved for leave to file an amended complaint. (Doc. 10.) Under Fed. R. Civ. P. 15(a)(2), the Court "should freely give leave [to amend a complaint] when justice so requires." The Sixth Circuit has held that implicit in the statement "when justice so requires" is the need for the Court to make a determination. *Roskam Baking Co. v. Lanham Machinery Co., Inc.*, 288 F.3d 895, 906 (6th Cir. 2002). Here, the Court cannot make a determination as to whether Gilliam should be granted leave to amend because he has not provided a proposed amended complaint or otherwise described the new allegations that he would include in his proposed amendment. *See Id.*; *Kostyu v. Ford Motor Co.*, No. 85–1207, 1986 WL 16190, at

5

*2 (6th Cir. July 28, 1986).   As a result, Gilliam's motion for leave to amend is denied.

If Gilliam wishes to amend the Complaint's allegations as to Busy Bee, he must file a renewed motion for leave to amend that attaches his proposed amended complaint within 14 days of entry of this Order.

### V.     CONCLUSION

Gilliam has neither alleged facts stating a claim against Busy Bee nor indicated what facts he would allege in an amended complaint to remedy that deficiency.  Accordingly, Busy Bee's Motion to Dismiss for Failure to State a Claim (Doc. 7) is **GRANTED** and Gilliam's Motion for Leave to Amend (Doc. 10) is **DENIED**.   If Gilliam still wishes to assert a claim against Busy Bee, he must file a renewed motion for leave to amend with a proposed amended complaint attached within 14 days from entry of this Order.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, June 22, 2016.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE