IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MARK GILLIAM, | : | Case No. 3:16-cv-147 |
| Plaintiff, | : | Judge Thomas M. Rose |
| v. | : | |
| BRIAN CROWE, et al., | : | |
| Defendants. | : | |

**ENTRY AND ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (DOC. 12); REMANDING THE CASE TO THE COMMON PLEAS COURT FOR MONTGOMERY COUNTY, OHIO FOR ALL FURTHER PROCEEDINGS, INCLUDING CONSIDERATION OF PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DOC. 15); AND TERMINATING THIS CASE ON THE COURT'S DOCKET**

This case is before the Court on the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 12) filed by Defendants Montgomery County Sheriff Phil Plummer ("Sheriff Plummer") and Montgomery County Sheriff's Deputy Brian Crowe ("Deputy Crowe" and, together with Sheriff Plummer, the "Sheriff Defendants").  For the reasons stated below, the Court **GRANTS IN PART** the Motion to Dismiss.  The Court's decision results in dismissal of the federal claims upon which its jurisdiction over this action is based.  The Court declines to retain jurisdiction over the remaining claims and therefore **REMANDS** the case to the Montgomery County Court of Common Pleas for all further proceedings, including consideration of the pending Motion for Leave to File Amended Complaint filed by Plaintiff Mark Gilliam ("Gilliam").[1]

---

[1] The Court acknowledges the valuable contribution and assistance of judicial extern Callum Morris in drafting this opinion.

I. **BACKGROUND**

A. **Procedural Posture**

Gilliam originally brought this action against the Sheriff Defendants and Busy Bee Auto Parts & Towing, Inc. ("Busy Bee") in the Common Pleas Court of Montgomery County, Ohio. (Doc. 1 at 1.) The Sheriff Defendants removed the case to this Court pursuant to its federal question jurisdiction under 28 U.S.C. § 1441(a) and supplemental jurisdiction under 28 U.S.C. § 1367(a). (*Id.*)

On April 27, 2016, Busy Bee filed a motion to dismiss the single claim alleged against it, which the Court has granted. (Docs. 7, 14.) On May 31, 2016, the Sheriff Defendants filed the Motion to Dismiss that is now fully briefed and before the Court. (Docs. 12, 16, 18.) After the Court granted Busy Bee's motion to dismiss, Gilliam filed a Motion for Leave to File Amended Complaint (Doc. 15), which is also fully briefed. (Docs. 17, 18.) As discussed below, the Court will not retain jurisdiction over this action after granting dismissal of Gilliam's federal claims. As a result, the Montgomery County Court of Common Pleas may determine upon remand whether Plaintiff's Motion for Leave to File Amended Complaint should be granted.

B. **Facts Alleged in the Complaint**

On January 1, 2015, at approximately 3:00 a.m., Deputy Crowe was called to the scene of a single vehicle accident on Wagner Ford Road in Montgomery County, Ohio. (Doc. 4, ¶ 8.) Deputy Crowe found that a single car had crashed into a utility pole and through a fence, and power lines had fallen across the car. (*Id.*) Gilliam was still inside the crashed car, but Deputy Crowe failed to find him—even after the power lines were removed. (*Id.* at ¶ 9-11.) Deputy Crowe "cleared the scene of the accident" at 4:30 a.m., still without finding Gilliam inside the car. (*Id.*, ¶ 12.)

Busy Bee towed the car, with Gilliam still inside it, to Busy Bee's lot on Webster Street in Dayton, Ohio. (*Id.*, ¶ 13.) Six hours later, Busy Bee "agents or employees" discovered Gilliam inside the car and had him taken to a local hospital. (*Id.*, ¶ 14-15.) Gilliam alleges that he suffered physical injuries, including pneumothorax, dislocated hip, multiple rib fractures, acetabular fracture, and wrist fracture as a result of Defendants' failure to find him inside the car at the scene of the accident. (*Id.* at ¶ 16.).

## II. **STANDARD OF REVIEW**

The Sheriff Defendants bring their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Under Fed. R. Civ. P. 8(a), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although this pleading standard does not require "'detailed factual allegations,'" it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). When considering a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations of material fact as true and construes them in the light most favorable to the non-moving party. *Twombly*, 550 U.S. at 554-55; *see also Top Flight Entm't, Ltd. V. Schuette*, 729 F.3d 623, 630 (6th Cir. 2013). The Court need not accept as true, however, "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Thus, a pleading that offers only a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

3

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

### III. ANALYSIS

#### A. Overview of Gilliam's Claims Against the Sheriff Defendants

For purposes of the Court's analysis, the claims asserted against the Sheriff Defendants are categorized as follows: (1) a claim for infringement of Gilliam's Fourteenth Amendment rights in violation of 42 U.S.C. § 1983 against Deputy Crowe in his individual capacity, (2) a claim for infringement of Gilliam's Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983 against Sheriff Plummer in his individual capacity, (3) claims for infringement of Gilliam's Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983 against the Sheriff Defendants in their official capacities, and (3) claims for negligence, gross negligence, and recklessness against the Sheriff Defendants in violation of Ohio common law. (Doc. 4 at ¶¶17-31.) The Court addresses each category of claims in turn below.

#### B. The § 1983 Claim Against Deputy Crowe In His Individual Capacity

Gilliam alleges that Deputy Crowe is liable under 42 U.S.C. § 1983 in his individual capacity for deprivation of his rights, privileges and immunities under the Fourteenth Amendment. Specifically, Gilliam alleges that Deputy Crowe negligently, with gross negligence, and/or recklessly failed to (a) properly inventory the crashed vehicle; (b) follow normal and accepted practices and procedures of Montgomery County Sheriff's Office; (c) remove Plaintiff from a position of peril; (d) provide adequate and proper emergency care and treatment; and (e) provide adequate and proper medical care and treatment. (Doc. 4 at ¶¶ 18-19.)

Deputy Crowe argues that this claim fails as a matter of law because he is entitled to

qualified immunity. (Doc. 12 at 4.) A civil rights claim against a law enforcement officer in his individual capacity does implicate qualified immunity—"a defense not just against liability, but against the suit itself." *Johnson v. Moseley*, 790 F.3d 649, 653 (6th Cir. 2015), citing *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Due to the complete defense provided by qualified immunity, the Sixth Circuit has advised that "insubstantial claims against government officials should be resolved as early in the litigation as possible, preferably prior to broad discovery." *Johnson*, 790 F.3d at 653.

Once the defense of qualified immunity has been raised, it is the plaintiff's burden to show that the defendant is not entitled to qualified immunity. *Johnson*, 790 F.3d at 653. At the pleading stage, the plaintiff may carry this burden "by alleging facts plausibly making out a claim that the defendant's conduct violated a constitutional right that was clearly established law at the time, such that a reasonable officer would have known that his conduct violated that right." *Id.*, (citing *Wesley v. Campbell,* 779 F.3d 421, 428 (6th Cir.2015)). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985).

The Due Process Clause of the Fourteenth Amendment does not impose an affirmative duty on the State to protect citizens from "private violence." *DeShaney v. Winnebago Cty. Dep't of Soc. Servs*., 489 U.S. 189, 196-97 (1989). Accordingly, the Sixth Circuit has held that "[i]t is not a constitutional violation for a state actor to render incompetent medical assistance or fail to rescue those in need." *Jackson v. Schultz*, 429 F.3d 586, 590 (6th Cir. 2005). There are two exceptions to this rule, "(1) the custody exception and (2) the state-created danger exception." *Id*. (citing *DeShaney*, 489 U.S. at 199-201).

Gilliam argues that the "state-created danger exception" applies in this case. (Doc. 16 at 3-4.) "For the state-created danger exception to apply, the plaintiff must allege: 1) an affirmative act that creates or increases a risk that the [plaintiff] would be exposed to private acts of violence; 2) a special danger to the [plaintiff], such that the defendant['s] acts placed [plaintiff] specifically at risk; and 3) that [the] defendant[] knew or should have known [his] actions specifically endangered the [plaintiff]." *Carver v. City of Cincinnati*, 474 F.3d 283, 286 (6th Cir. 2007). The Sixth Circuit has further stated that a "state-created danger" exists only when "the government could have specified whom it was putting at risk, nearly to the point of naming the possible victim or victims." *Jones v. Reynolds*, 438 F.3d 685, 696 (6th Cir. 2006); *see also Caldwell v. City of Louisville*, 120 Fed.Appx. 566, 573 (6th Cir. 2004); *Waller v. Trippett*, 49 Fed.Appx. 45, 50 (6th Cir. 2002); *Duvall v. Ford*, 187 F.3d 635 (6th Cir.1999); *Kallstrom*, 136 F.3d at 1067).

Gilliam asserts that Deputy Crowe's affirmative act was calling Busy Bee to tow the vehicle while he was still inside. (Doc. 16 at 4 (citing Doc. 15-1 at ¶ 13).)[2] Gilliam argues that this act created a special danger to him, and that Deputy Crowe knew or should have known that he was in the vehicle and that towing the vehicle with him inside was likely to injure him. (*Id.*)

The Sixth Circuit has held twice that allegations similar to those made by Gilliam are insufficient to establish § 1983 liability under the state-created danger doctrine. *See Willis v. Charter Twp. of Emmett*, 360 F. App'x 596, 602 (6th Cir. 2010) (police officer and firefighter did not expose plaintiff to private acts of violence "by making it less likely that he would receive treatment or delaying the treatment he eventually received"); *Jackson v. Schultz*, 429 F.3d 586, 591

---

[2] This allegation does not appear in the Complaint (Doc. 4), but is an addition to Gilliam's proposed Amended Complaint (Doc. 15-1). In ruling on the Sheriff Defendants' Motion to Dismiss, the Court has considered the allegations in the proposed Amended Complaint (Doc. 15-1) to the extent that Gilliam has relied on them in his memorandum in opposition (Doc. 16).

(6th Cir. 2005) (EMTs not liable under the state-created danger doctrine for moving plaintiff, a gunshot victim, to an ambulance where he died because he was not administered life support).

The Sixth Circuit's decision in *Willis* is particularly apposite here. In *Willis*, the plaintiffs were representatives of the estate of Christopher Willis, who died from injuries sustained in a severe car accident. 360 F. App'x at 598. While driving on the interstate, Willis had lost control of his pickup truck, crossed the median and became airborne, collided with a semi-truck, and then "flew over" another car before coming to rest upside down. *Id*. Bishop, a firefighter and police officer, was one of the first responders to the scene. *Id.* Bishop was told that Willis did not have a pulse and, having observed the damage to his truck, concluded that Willis did not survive the accident. *Id.* A firefighter named Counts was another first responder who was told that Willis did not have a pulse. *Id.* Bishop and Counts informed paramedics at the scene that Willis did not have a pulse; and Bishop reported to others that Willis had died. *Id.*

Based at least partially on Bishop's and Count's statements, everyone arriving at the scene assumed that Willis was dead and did not render him aid. *Id.* at 599. Over two hours later, Willis's pickup truck was secured to a tow truck so that responders could remove his body. *Id.* During that process, it was discovered that Willis was still breathing. *Id.* Willis was then transported to a hospital, where he later died. *Id.*

The *Willis* plaintiffs sued Bishop and Counts under 42 U.S.C. § 1983 for deprivation of Willis's constitutional rights under the state-created danger exception. *Id.* at 601. In light of the above facts, however, the Sixth Circuit held that the exception did not apply because defendants "did not affirmatively act to expose [Willis] to private acts of violence nor did they have the requisite degree of culpability." *Id.* The plaintiffs had alleged nothing more than a failure to act, which cannot be the basis of a § 1983 claim. *Id*. (citing cases). Even if the defendants' conduct

"blurred the line between affirmative acts and the failure to act," plaintiffs still failed to satisfy the first prong of the test because defendants did not make Willis "less safe by increasing the risk that he would be exposed to private acts of violence." *Id.*

Plaintiffs had argued that "the extended period of time during which [Willis] was left untreated and the jostling of the cab of his pickup when it was secured for towing satisfy the private acts of violence requirement." *Id.* The Sixth Circuit rejected this argument, holding that that "neither of these circumstances amount to private acts of violence." *Id.*, citing *Jackson*, 429 F.3d at 591 (moving decedent to a location where it was less likely that he would receive aid did not constitute exposing him to private acts of violence); *Peete v. Metro. Gov't of Nashville & Davidson County*, 486 F.3d 217, 223 (6th Cir. 2007) (seizure victim was not exposed to private acts of violence when emergency personnel restrained him without leaving a clear passage for him to breathe).

The facts alleged in this case fall squarely within the Sixth Circuit's analysis of the affirmative act requirement in *Willis*. Gilliam essentially alleges a failure to act, namely that Deputy Crowe failed to find him inside the crashed vehicle. However, as it is undisputed that a failure to act is not actionable under § 1983, Gilliam instead asserts that Deputy Crowe committed the affirmative act of calling Busy Bee to tow the crashed vehicle. But even this allegation does not state a claim under the Sixth Circuit's reasoning in *Willis*, as neither Gilliam's exposure to any jostling or disturbance while the vehicle was towed nor any delay in his treatment amounts to a "private act of violence" under the state-created danger exception. Consequently, Gilliam has failed to allege an affirmative act under the first prong of the state-created danger test.

Since the Complaint fails to state a claim against Deputy Crowe under the state-created danger exception, it follows that Gilliam also has not alleged the violation of a constitutional right

8

that was "clearly established law at the time, such that a reasonable officer would have known that his conduct violated that right." *Johnson*, 790 F.3d at 653. Deputy Crowe is therefore entitled to dismissal of Gilliam's § 1983 claim on qualified immunity grounds.

### C. The § 1983 Claim Against Sheriff Plummer In His Individual Capacity

Gilliam alleges that Sheriff Plummer is liable for violation of Gilliam's rights under the Fourth and Fourteenth Amendments based on two theories of liability: respondeat superior and failure to properly train, supervise and control Deputy Crowe's conduct. (Doc. 4 at ¶¶ 23-25, 29.) As Gilliam has failed to allege facts stating a claim under § 1983, this claim will be dismissed.

Section 1983 liability "must be based on more than respondeat superior, or the right to control employees." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (citing Hays v. Jefferson Cty., 668 F.2d 869, 874 (6th Cir. 1982)). Thus, a supervisor's failure to train, supervise, or control an employee's conduct is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it." *Id.* "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Hays v. Jefferson County, Kentucky*, 668 F.2d 869, 874 (6th Cir. 1982).

Here, Gilliam has not alleged facts, as opposed to conclusory statements, showing that Sheriff Plummer authorized, approved, or knowingly acquiesced in Deputy Crowe's allegedly unlawful conduct. Gilliam's § 1983 claim against Sheriff Plummer therefore amounts to an "unadorned, the-defendant-unlawfully-harmed-me accusation" insufficient to withstand a Rule 12(b)(6) motion to dismiss. *Ashcroft*, 556 U.S. at 678 (2009).

### D. The § 1983 Claims Against the Sheriff Defendants In Their Official Capacities

In addition to the above claims, Gilliam also brings § 1983 claims against the Sheriff Defendants in their official capacities. A § 1983 claim against a government official in his official capacity is a claim against the local government entity. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). As a result, Gilliam's claims against the Sheriff Defendants in their official capacities must be construed as claims against Montgomery County.

To state a claim against a local government entity under 42 U.S.C. § 1983, a plaintiff must allege that his "constitutional rights were violated and that a policy or custom of the municipality was the 'moving force' behind the deprivation of plaintiff's rights." *Miller v. Sanilac Cty.*, 606 F.3d 240, 254-55 (6th Cir. 2010); *see also Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A local government may not be sued under § 1983 solely on a theory of respondeat superior or merely because its employees or agents inflicted an injury on the plaintiff. *See Monell*, 436 U.S. at 694; *Gregory v. City of Louisville*, 444 F.3d 725, 752 (6th Cir. 2006). Municipal liability will attach only when a deliberate choice has been made to follow a particular course of action over an alternative course of action. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986).

Here, Gilliam does not identify any specific policy or custom responsible for his injuries. Rather, he alleges only that Sheriff Plummer failed to properly train, supervise and control Deputy Crowe's conduct. (Doc. 4 at ¶ 23.) "Allegations that a particular officer was improperly trained are insufficient to prove liability, as are claims that a particular injury could have been avoided with better training." *Sova v. City of Mt. Pleasant*, 142 F.3d 898, 904 (6th Cir. 1998). To establish a claim based on the failure to train municipal employees, such as police officers, the

plaintiff must show that "the municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989). To establish deliberate indifference a plaintiff must demonstrate that the government entity either "(1) failed to provide adequate training [or supervision] in light of foreseeable consequences that could result from the lack of instruction [or supervision]; or (2) failed to act in response to repeated complaints of constitutional violations by its officers." *Rodriguez v. City of Cleveland*, 619 F. Supp. 2d 461, 482 (N.D. Ohio 2009) (internal quotations omitted) (quoting in part *Brown v. Shaner,* 172 F.3d 927, 931 (6th Cir.1999)).

Gilliam has not pled facts from which it may be inferred that Montgomery County adopted a policy or custom that caused his alleged injuries, much less that it adopted such policy or custom with deliberate indifference to any foreseeable consequences. As the Complaint's allegations fail to meet the standard for pleading a § 1983 claim against a government entity, Gilliam's claims against the Sheriff Defendants in their official capacities are dismissed.

### E. **Gilliam's Claims Against the Sheriff Defendants Under Ohio Law**

Gilliam alleges claims against the Sheriff Defendants under Ohio law. However, having dismissed all of the federal claims upon which the Court's jurisdiction is based, the Court declines to consider the merits of the motion to dismiss Gilliam's state law claims. "[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1988). Here, the Court deems it appropriate to remand this case to the Montgomery County Court of Common Pleas and permit that court to consider the merits of the Sheriff Defendants' Motion to Dismiss the remaining state law claims.

### F. Gilliam's Motion for Leave to Amend Complaint

As noted in the background section above, Gilliam has moved for leave to file an Amended Complaint to remedy the deficiencies in his claim against Busy Bee. (Doc. 15.) The claim against Busy Bee, as alleged in the proposed Amended Complaint (Doc. 15-1), is a negligence claim under Ohio law. It is therefore appropriate that, upon remand, the Montgomery County Court of Common Pleas should decide whether Gilliam should be permitted to amend the Complaint as to that claim.

### IV. CONCLUSION

For the reasons stated above, The Sheriff Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 12) is **GRANTED IN PART**. All of the claims alleged against the Sheriff Defendants in their individual and official capacities under 42 U.S.C. § 1983 are hereby **DISMISSED**. The Court **REMANDS** this case to the Montgomery County Court of Common Pleas for all further proceedings, including consideration of Gilliam's Motion for Leave to File Amended Complaint (Doc. 15). The Clerk is ordered to **TERMINATE** this case on the docket of this Court.

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, July 27, 2016.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE